**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL ACTION NO. 06-15-DLB-JGW-1
CIVIL ACTION NO. 13-7267-DLB-JGW**

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

**vs.**         **<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

**DAVID HOPPER**                                                                                 **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

      This matter is before the Court on the Report and Recommendation (R&R) of the United States Magistrate Judge (Doc. # 96), wherein he recommends that the Court deny Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. # 79). Defendant has filed objections to the R&R, which merely rehash the same issues raised in his § 2255 Motion. (Doc. # 97). First, Defendant argues that his plea was not knowing and voluntary because his counsel and the Court failed to adequately advise him of the direct consequences of his plea. (*Id.*). Specifically, Defendant finds fault with the discretionary language used when discussing the concurrent versus consecutive nature of his sentence. (*Id.*). Second Defendant presents "newly-discovered evidence," in the form of a letter from his former psychologist, in an attempt to demonstrate that he could not have formed the intent required for the charges to which he pled guilty. (*Id.*). Third, Defendant asserts that his plea was not knowing and voluntary because he was mentally incompetent at the time of his guilty plea. (*Id.*). The United States having filed no response

1

to Defendant's objections, and the time to do so having now expired, this R&R and the objections thereto are ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections within fourteen days after being served with a copy of a Magistrate Judge's Report and Recommendation. Objections must specifically challenge portions of the report or the proposed findings or recommendations. *Id.* If a party is properly informed of the consequences of failing to file an objection, "the party waives subsequent review by the district court . . . [by failing] to file an objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Filing vague, general or conclusory objections does not meet the specificity requirements and may be treated as a complete failure to file. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)).

District courts in this Circuit have also held that, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio. Sept. 15, 2011) (holding that "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived"). Such an "objection" fails to put the district court on notice of any potential errors in the Magistrate Judge's Report and Recommendation. *VanDiver*, 304 F. Supp. 2d at 938.

By restating arguments already raised in Defendant's § 2255 Motion and thoroughly addressed in the Magistrate Judge's R&R, the Defendant is effectively asking this Court to reconsider that which the Magistrate Judge has already reviewed. "[This] duplication of

2

time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate Act." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant's conclusory objections notwithstanding, the Magistrate Judge's R&R sufficiently concluded that Defendant's plea was knowing and voluntary and that the Defendant's "newly-discovered evidence" was insufficient to establish actual innocence. The Court agrees with the conclusions reached by the Magistrate Judge. While Defendant may disagree with the R&R, simply summarizing arguments already presented to the Magistrate Judge does not amount to a specific objection that this Court will review. Accordingly, for the reasons set forth herein,

**IT IS ORDERED AND ADJUDGED** as follows:

(1)  Defendant Hopper's Objections to the Magistrate Judge's Report and Recommendation (Doc. # 96) are **OVERRULED**;

(2)  The Magistrate Judge's Report and Recommendation (Doc. # 96) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3)  Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. # 79) is hereby **DENIED**;

(4)  This matter is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(5)  For reasons set forth in the Magistrate Judge's Report and Recommendation (Doc. # 96), the Court determines that there would be no arguable merit for an appeal in this matter, and therefore, no certificate of appealability should issue.

This 16th day of December, 2013.



G:\DATA\ORDERS\Covington Criminal\2006\06-15 Order Adopting R&R.wpd