UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 06-15-DLB-EBA

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                  **MEMORANDUM OPINION AND ORDER**

DAVID S. HOPPER                                                 DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Defendant David Hopper's pro se Motion to Reduce Sentence. (Doc. # 130). The Government has responded in opposition, (Doc. # 132), and Defendant has replied, (Doc. # 135). In his Motion, Hopper argues that the disparity between the sentence he received in 2007 and the sentence he would now receive after the enactment of the First Step Act constitutes an "extraordinary and compelling reason" for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Because Sixth Circuit precedent counsels against this reading of the statute, Hopper's Motion is **denied**.

In 2004, David Hopper committed a series of armed robberies at stores in Northern Kentucky. (Doc. # 65 at 2-3). He pled guilty to two counts of using a firearm "during and in relation to" a crime of violence, in violation of 18 U.S.C. § 924(c). (*Id.* at 1). Section 924(c) imposes a mandatory minimum sentence of seven years for a person who brandishes a firearm in connection with a crime of violence, and a consecutive mandatory minimum sentence of 25 years for any additional conviction under that provision. *See* 18 U.S.C. § 924(c)(1)(A)(ii) & (C)(1)(c)(i). In *Deal v. United States*, the Supreme Court held

1

that the 25-year consecutive sentence could be triggered when a defendant is convicted of multiple § 924(c) counts in the same proceeding. 508 U.S. 129, 135-36 (1993). Thus, at the time Hopper was sentenced in 2007, his conviction on two § 924(c) counts required a sentence of 32 years. (Doc. # 67).

In 2017, Congress in § 403 of the First Step Act abrogated *Deal* to "eliminate the 25-year mandatory minimum in § 924(c)(1)(C) unless the defendant had a prior § 924(c) conviction that became final before he committed his second § 924(c) violation." *United States v. Burton*, 802 F. App'x 896, 911-12 (6th Cir. 2020) (citing Pub. L. No. 115-391, 132 Stat. 5194, § 403(a)). Accordingly, the First Step Act ended the practice of stacking multiple § 924(c) sentences for a first-time offender such as Hopper. *See United States v. Henry*, 983 F.3d 214, 218-19 (6th Cir. 2020). However, § 403 of the First Step Act does not apply retroactively. *United States v. Richardson*, 948 F.3d 733, 746-50 (6th Cir. 2020). Hopper therefore cannot benefit directly from the new sentencing regime governing convictions under § 924(c).

Nor may Hopper circumvent the nonretroactivity of the First Step Act by invoking the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). To grant compassionate release, the Court must first find "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). The Sixth Circuit has twice rejected the argument that the First Step Act's changes to sentencing enhancements constitute an "extraordinary and compelling reason" to reduce a defendant's sentence. *See United States v. Wills*, 991 F.3d 720, 723-24 (6th Cir. 2021); *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021). *Wills* and *Tomes* dealt with § 401 of the First Step Act, which

2

lowered the mandatory minimum sentence for a defendant with a prior drug conviction and narrowed the definition of a qualifying prior drug offense. *Wills*, 991 F.3d at 723; *Tomes*, 990 F.3d at 505. Noting that § 401 does not apply retroactively, the Sixth Circuit in *Tomes* refused to "render § 401(c) useless by using § 3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Tomes*, 990 F.3d at 505; *accord Wills*, 991 F.3d at 723-24.

Although *Tomes* and *Wills* involved a different section of the First Step Act, the reasoning in those cases applies with equal force here. Like § 401 of the First Step Act, § 403 does not apply retroactively. Thus, granting compassionate release to Hopper based on the amendment in § 403 would be contrary to Congress's intent. As discussed in *Wills*, the Supreme Court has noted that "[i]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Wills*, 991 F.3d at 723-24 (quoting *Dorsey v. United States*, 567 U.S. 260, 280 (2012)). "What the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *Id.* at 724. Accordingly, Hopper is not entitled to relief under the compassionate relief statute based on the change in law brought about by the First Step Act.

Hopper also argues in supplemental briefing that his medical conditions—namely blood clots and sleep apnea—put him at heightened risk of harm from COVID-19 and thus provide "extraordinary and compelling reasons" for release. (Doc. # 140 at 4-6). But Hopper provides no medical records to substantiate these medical conditions, and there is no mention of these conditions in Hopper's presentence report. The Sixth Circuit in *Tomes* held that the defendant's failure to submit medical records supporting his claim

3

that he had chronic asthma was sufficient to deny the defendant's compassionate release motion. *Tomes*, 990 F.3d at 504-05. Similarly here, Hopper may not obtain compassionate release based on unverified medical conditions. In addition, Hopper's general assertions about lack of adequate precautions taken against the spread of COVID-19 at his prison facility are unpersuasive. (Doc. # 140 at 5). While Hopper's concerns about the virus are understandable, speculation about the possibility of COVID-19 infection simply does not justify release. *See Tomes*, 990 F.3d at 505; *United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021).

Finally, even if Hopper could establish the existence of "extraordinary and compelling reasons," his Motion would still fail because an application of the sentencing factors in 18 U.S.C. § 3553(a) does not favor release under the circumstances. Hopper's crimes were very serious, involving the threatened use of firearms against multiple victims. Hopper's offense conduct also included rape.[1] (Docs. # 77 at 10 and 104 at 9). A 32-year sentence therefore appropriately reflects the seriousness of the offenses and protects the public. *See* 18 U.S.C. § 3553(a)(2). The presiding judge observed as much at Hopper's sentencing, stating that "[t]he offenses are very serious ones, and I think the statutory penalties that are reflected for both offenses are commensurate with that conduct." (Doc. # 77 at 11). Hopper in his briefs has expressed remorse for his crimes and highlighted his favorable record while in prison. (*See, e.g.*, Doc. # 130 at 5-6).

---

[1]  After being sentenced in his federal case, Hopper was convicted of a string of rapes committed in Kentucky, Ohio, and Indiana, at least of one of which was committed as part of the offense conduct in Hopper's federal case. *See Hopper v. Hudgins*, No. 3:20-cv-38, 2020 WL 8484855, at *6 n.8 (N.D. W. Va. Dec. 9, 2020) (noting rape convictions in Kentucky); *State v. Hopper*, No. 26226, 2015 WL 3821149, at *2 (Ohio Ct. App. June 19, 2015) (detailing Hopper's criminal history in all three states, including the commission of rape). Hopper was sentenced to 46 years' imprisonment by an Ohio court. *Hopper*, 2015 WL 3821149, at *5.

Although Hopper's efforts to reform himself while incarcerated are laudable, they do not tilt the balance in favor of release. Accordingly,

**IT IS ORDERED** that Defendant David Hopper's Motion to Reduce Sentence (Doc. # 130) is **DENIED**.

This 29th day of April, 2021.



Signed By:
*David L. Bunning*
United States District Judge

J:\DATA\ORDERS\Covington Criminal\2006\06-15 Order Denying DE 130.docx